**McGuireWoods**

McGuireWoods LLP
World Trade Center
101 West Main Street
Suite 9000
Norfolk, VA 23510-1655
Phone: 757.640.3700
Fax: 775.640.3701
www.mcguirewoods.com

**Benjamin L. Hatch**
Direct: 757.640.3727
bhatch@mcguirewoods.com
Fax: 757.640.3947

July 9, 2024

**VIA ECF**
Nwamaka C. Anowi, Clerk
U.S. Court of Appeals for the Fourth Circuit
Lewis F. Powell, Jr. United States Courthouse Annex
1100 East Main Street, Suite 501
Richmond, VA 23219

> **Re:** *Peninsula Pathology Associates v. American International Industries*, **No. 23-1972** – Response to 28(j) Letter addressing *LTL Management LLC v. Moline*, No. 23-02990 (D.N.J. June 28, 2024)

Dear Ms. Anowi,

On behalf of Appellant, American International Industries ("A-I-I"), we write in response to the Rule 28(j) letter from Appellee Peninsula Pathology Associates ("PPA").

PPA overstates the applicability of the District of New Jersey opinion from a dispute between different parties over a different article (the "Opinion"). It has no bearing on the issue presented by this case—whether the district court erred by denying a subpoena for a single list of the 75 study participants in Dr. Emory's Article, relied on heavily by plaintiff to prove his claims. A-I-I Opening Br. 22-24. The Opinion addressed whether Dr. Moline could be held liable for trade libel, fraud, and Lanham Act claims for falsely stating all the participants in her 2020 Article had only been exposed to asbestos through cosmetic talc products. Ex. A, at 5-7. The Opinion was *not* a discovery dispute and did not even occur in the context of a products liability case. The court never addressed whether the plaintiff in that case could seek discovery about the participants in the 2020 Moline article, much less in the Emory Article.

If anything, the Opinion supports A-I-I's argument here that it is entitled to discovery to fully test Dr. Emory's opinions. The Opinion repeatedly emphasized how

July 9, 2024
Page 2

the dispute concerned the "weight" of Dr. Moline's statements. Ex. A, at 20 ("LTL's allegations challenge the weight of Dr. Moline's statements"); *id.* (explaining that the district court in *Bell v. Am. Int'l Indus.*, 627 F. Supp. 3d 520 (M.D.N.C. 2022), "focused on the *weight* to be given to Dr. Moline's findings"); *id.* at 21 ("the weight of Dr. Moline's findings may certainly be subject to critique or criticism"). Indeed, the court specifically noted the *Bell* court's finding that "defendants in cosmetic talc cases deserve a fair opportunity to explore the weight to be assigned to Dr. Moline's facts and conclusions." *Id.* at 20 (citation omitted). The same is true here with respect to Dr. Emory's article.

Finally, LTL Management, LLC has publicly stated that it intends to take an appeal of the Opinion.

Respectfully submitted,

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch

*Counsel for Appellant American International Industries*

Cc: All counsel of record (via CM/ECF)

## CERTIFICATE OF SERVICE

      This is to certify that I have this July 9, 2024, electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will notify all registered counsel.

*/s/ Benjamin L. Hatch*
Benjamin L. Hatch

*Counsel for Appellant American International Industries*